IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MOUSSA DIARRA, | : |
| Petitioner, | : |
| v. | : NO. 5:21-cv-273-MTT-CHW |
| Former Sec'y of State,<br>C. RICE, | : |
| | : ORDER |
| Respondent. | : |

Petitioner Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a Petition for Writ of Mandamus. ECF No. 1. He also moves to proceed *in forma pauperis*. ECF No. 2. His motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED,** his Petition for Writ of Mandamus (ECF No. 1) is **DENIED**.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears Petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. ECF. No. 2.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil

1

action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Petitioner shall forward said payments from Petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is **DIRECTED** to send a copy of this Order to the Dekalb County Jail.

I.   Directions to Petitioner's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in

the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Petitioner's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments. Petitioner's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II.    PETITIONER'S ALLEGATIONS

Petitioner, who claims to be an "internationally protected person," alleges that when he was between the ages of ten and eleven, he was a "real party involving a war." ECF No. 1 at 1-2. Petitioner states he has been the victim of "hate acts and war crimes for matters of not his knowledge (sic) or arising from his childhood since 2001." *Id*. at 2. He alleges that during the "year 2001 . . . the former U.S. Secretary of State was [an] active duty officer . . . [who] was in charge of operating duties relating to Petitioner . . . and his

adoption process by U.S. Government; diplomatic relations." *Id*. at 1. Petitioner maintains that through a "series of intentional wrongs involving misidentification and fraud by the U.S. Government[, he] has experience[d] extreme difficulty in obtaining his own personal information . . . ." *Id*. Petitioner alleges that "various levels of government" have denied him access to "identification records and proper identification items." *Id*. at 2.

Petitioner asks the Court to issue a mandamus ordering Former Secretary of State Condoleezza Rice to "release certain materials involving Petitioner . . . ." *Id*.

### III.   ANALYSIS

It does not appear that this Court has jurisdiction. Federal question jurisdiction does not appear on the face of the petition. 28 U.S.C. § 1331. Additionally, Petitioner fails to tell the Court where Respondent resides. Even if the parties were citizens of different States, however, the amount in controversy is not more than $75,000. 28 U.S.C. § 1332(a)(1). Thus, the Court does not have diversity jurisdiction.

Additionally, the statute governing mandamus in the federal courts does not grant jurisdiction in this action. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." There is no indication that Respondent Condoleezza Rice is currently an officer or employee of the United States. The Court, therefore, does not have jurisdiction under 28 U.S.C. § 1361 to compel her to perform any duty owed to Petitioner.[1]

---

[1] The Court also notes that it cannot determine the proper venue for this action. Regardless, it does not

4

For these reasons, Petitioner's Petition for Writ of Mandamus is **DENIED**. ECF No. 1.

**SO ORDERED**, this 5th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

appear that any federal district court would have jurisdiction to issue a mandamus compelling Respondent to take any action. Thus, even if the Court could determine the proper venue, it would not be in the interest of justice to transfer the action. See 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a).